IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE LEE FARMER, JR.                                                                    PLAINTIFF

v.                                          Civil No. 6:19-cv-06148

DOROTHY M. GRIFFIN, et al.                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Jesse Lee Farmer, Jr., proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 6). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On March 29, 2021, this Court directed Plaintiff to respond to Defendants' Motion for Summary Judgment (ECF No. 50) by April 19, 2021. (ECF No. 53). Plaintiff did not respond to the Defendants' Motion.

On May 5, 2021, the Court directed Plaintiff to show cause no later than May 26, 2021, why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 54). In the Order, the Court noted: "[f]ailure to respond to this Order **shall** result in the dismissal of this action." *Id*. Plaintiff did not respond to the Court's Order. Instead, Plaintiff filed a Motion to Appoint Counsel (ECF No. 55) on June 1, 2021, which was denied on June 2, 2021. (ECF No. 56). In the Court's Order, Plaintiff was again directed to respond to Defendants' Motion for Summary Judgment (ECF No. 50) by July 2, 2021. (ECF No. 56). Plaintiff did not respond to the Defendants' Motion.

1

On July 21, 2021, the Court directed Plaintiff to show cause no later than August 23, 2021, why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 57). In this Order, the Court noted: "[f]ailure to respond to this Order **shall** result in the dismissal of this action." *Id*. Again, Plaintiff did not respond to the Court's Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 3rd day of September 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE